An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JERROD GREGORY BLACKWELL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60290



FILED

FEB 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal under NRAP 4(c) from a judgment of conviction entered pursuant to a guilty plea of grand larceny. Eighth Judicial District Court, Clark County; Kathy A. Hardcastle, Judge.

Appellant Jerrod Gregory Blackwell contends that his sentence of life imprisonment with the possibility of parole after ten years is cruel and unusual because the underlying charge and his prior convictions were for non-violent offenses. We review a district court's sentencing decision for abuse of discretion. Chavez v. State, 125 Nev. 328, 348, 213 P.3d 476, 490 (2009). Because Blackwell does not argue that the habitual criminal punishment statute is unconstitutional, his sentence is within the parameters of that statute, and we are not convinced that the sentence is so grossly disproportionate to the gravity of the offense and Blackwell's history of recidivism as to shock the conscience, we conclude that the sentence does not violate the constitutional proscriptions against cruel and unusual punishment. See NRS 207.010(1)(b)(2); Ewing v. California, 538 U.S. 11, 29 (2003) (plurality opinion); Harmelin v. Michigan, 501 U.S. 957, 1000-01 (1991) (plurality opinion); Blume v. State, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996); Glegola v. State, 110 Nev.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-04655

344, 348, 871 P.2d 950, 953 (1994); see also Arajakis v. State, 108 Nev. 976, 983, 843 P.2d 800, 805 (1992) ("NRS 207.010 makes no special allowance for non-violent crimes or for the remoteness of convictions.").

Blackwell also contends that the district court improperly adjudicated him a habitual criminal because it failed to consider the factors set forth in O'Neill v. State, 123 Nev. 9, 153 P.3d 38 (2007). However, the only factor the district court considers when adjudicating a defendant a habitual criminal is the existence of prior felony convictions. See id. at 15, 153 P.3d at 42 ("NRS 207.010 only grants a district court the discretion to dismiss a count of habitual criminality, not the discretion to adjudicate that status based on factors other than prior convictions."). Here, the record on appeal reveals that the district court considered Blackwell's six prior felony convictions, knew that habitual criminal adjudication was discretionary, and declined to exercise its discretion to dismiss the habitual criminal count. Accordingly, we conclude that the district court properly adjudicated Blackwell a habitual criminal.

Having considered Blackwell's contentions and concluded that he is not entitled to relief, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Eighth Judicial District Court Dept. 4
Keith C. Brower
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk